May it please the Court, my name is Kathleen Weck with the Office of the State Appellate Defender and I represent Petitioner Gregory Shaw. This case is about a pro se inmate who pleaded a colorable claim of actual innocence in a successive post-conviction petition. I plan to address that claim, but first I want to focus on the procedural problem that occurred in this case when the State's Attorney's Office intervened with the decision that belonged to the judge alone of whether to grant Mr. Shaw leave to file his petition. I believe that the act in its entirety and Illinois Supreme Court cases interpreting section F will explain why it belongs to the judge alone. There is no authority for the state to participate at the pre-pleading stage in the act, particularly when, in a case like this, the result is an ex parte proceeding in which the pro se petitioner is not represented by counsel, is not allowed to respond to the state's objection, and is not even present in the courtroom. The leave to file stage is a pleading stage, not a proving stage. At this stage, all well pled facts are taken as true, and in this way it is similar to the first stage of a pro se petition in which it is improper under the act and pursuant to the interpretation of the act by the Supreme Court in Galtney for the state to participate in the judge's exclusive decision of whether to dismiss the petition or allow it to proceed. While it is true that section 122-1F does not prohibit the state's involvement, neither does it allow it. When considered collectively, the sections of the act, though, expressly allow the state to participate in the proceedings at the second stage only after the petitioner is represented by counsel under section 122-5. At that point, the state can answer or move to dismiss. If the legislature intended the state to involve itself at any point before then, it would have inserted such language in section 122-1F, but it did not. When the legislature has employed a term in one point, as it did in 122-5, and excluded it in another, it should not be implied where it is excluded. And this is similar to how Galtney interpreted section 122-2.1. Section 122-1F is a very bare bones section, and the Supreme Court has had to step in repeatedly to interpret what it means. For example, in Ortiz, the Supreme Court construed section F and explained that an inmate pleading actual innocence did not have to pass the cause and prejudice hurdle that a non-actual innocence claim would have to do. And then in Smith, the Supreme Court explained that the leave to file stage is a pleading stage and not a proving stage. Petitioner just needs to allege sufficient facts to pass cause and prejudice or to plead a colorable claim of actual innocence. Again, section F gives no guidance on that point. So for the issue in this case, the Supreme Court has never said or even suggested that the state can participate. In fact, in Smith and Edwards, the Supreme Court stated that the decision whether to grant leave to file should be, quote, based upon the contents of the petition and the documentation submitted by the petitioner, unquote. It said nothing about the state also being able to participate. And this is most appropriate because the trial court plays a gatekeeper function in the situation of a first post-conviction petition and in the leave to file stage. When it's actually in the first post-conviction petition, the court makes an independent initial evaluation because the petitioner is not represented by counsel at that stage and the judge is not allowed to rely on the state's input. And that's very clear, right? It is very clear. So we're really talking about success. We are. And so there's nothing there that says either way. It also doesn't say either way in section 2.1, which is where the Illinois Supreme Court in Galtney came in to explain that that is only at the later stage at 122-5 when the state comes in. It's true that it's not included in section F, but when you construe it in light of Galtney, how it is interpreted when something is allowed in one section of this act and not in another, that we can't imply that it's included in section 122-F. And also, along with the Illinois Supreme Court decisions in Smith and Edwards, which talk about this being a pleading stage where the court is just looking at the documentation submitted by the petitioner. And furthermore, another important point is that because... There was no... Pardon me? There was no interest that the state had at that point. There was no action by the state at that point in Edwards. No, not in Edwards. Edwards did not... I mean, the language was there, but it wasn't... This exact issue has not been explicitly addressed by the state. So what we have is kind of a vacuum. Correct. About who can do what or not at this issue. And you're saying you should make the analogy from Galtney. Yes. The analogy from Galtney, and also based on the language about there being a pleading stage where the court just looks at the petitioner's petition. Also, because the defendant has this burden of obtaining leave to file, it seems it would be fundamentally unfair for the state to pit itself against a pro se petitioner, who is not even present in court when the judge is evaluating his petition and is not even given the chance to respond to the state's objection. And on that basis alone, this court's 2009 decision in People v. Welch is distinguishable. In Welch, the defendant was not only represented by counsel. It was his counsel who actually filed the successive post-conviction petition. And Welch did not even begin as a successive petition. It began as a 2-1401 petition. In Welch, this court held that it found no authority prohibiting input from the state at the leave to file stage. But Welch predates Smith and Edwards that have interpreted Section F, and they've clarified that the judge's decision is based solely on the contents of the petition submitted, because this is a pleading stage and not a proving stage. And thus there is authority now for prohibiting the state's participation, along with when we look at it in light of the fact that it's not included in this section, where it was, since it's not included, the legislator could have chosen to say, yes, the state can participate, but it did not. This recent Fourth District case of Crenshaw follows Welch, but that case does violence to the Post-Conviction Hearing Act when considered in its entirety and ignores the Mason, Illinois Supreme Court cases about language about being just on the petitioner's documentation. Crenshaw also is distinguishable from the situation here, in that both sides actually got to argue in front of the judge about whether leave to file should be granted. So if I may turn to the actual innocence claim itself, I explained in the briefs why Mr. Shaw sufficiently pled a culpable claim of actual innocence by submitting the affidavit from his co-defendant, Elton Williams, who was the person who actually killed the police officer back in 1994. This affidavit is newly discovered because Williams had a Fifth Amendment right to avoid self-incrimination and it was up to him to decide whether to come forward on Mr. Shaw's behalf. Next, it is material as it goes to the issue of whether Shaw is legally accountable for what Williams did, and it is not cumulative of any of the evidence considered at Shaw's trial, as Mr. Shaw's jury never heard from Elton Williams. Finally, the evidence that it was Williams' gun, that Williams acted alone in deciding to fire it, and that Shaw took no part in the armed robbery that preceded the shooting, this evidence, when considered by a jury, would be so conclusive that it would probably change the result on retrial. In a new trial, Shaw would not be facing the charges of armed robbery and felony murder, as that was vacated by the Illinois Supreme Court's decision, and a jury would be faced with evidence that it was Williams' gun and he was acting alone. This is the sort of culpable claim of actual innocence that a defendant has a constitutional right to assert in Illinois. So Mr. Shaw is asking this court to find that he sufficiently pled a culpable claim of actual innocence and that his successive petitions should be advanced to the second stage of proceedings where he will be appointed counsel to assist him with furthering his claim. Credibility decisions and all that is not made at the pleading stage, it's made later at the evidentiary hearing. Alternatively, reversal is required because the trial court relied on input from the state in ruling on the leave-to-file stage, and we ask for new leave-to-file proceedings alternatively. Thank you. Thank you, Ms. White. And Mr. Leonard? May it please the court, counsel, we have very good authority on this section of the Code 122-1F. It comes from this court in People v. Welch. Ms. Welch alluded to that case. That was a successive post-conviction petition, and this court held that the people have a right to have input at the successive motion to file a successive PC. There is a bit of a distinguishable aspect in that defense counsel there, but let's look at what happened in this case. In 1994, the defendant was convicted by accountability. It was a death penalty case that went straight to the Supreme Court. The Supreme Court vacated his armed robbery, and they affirmed his knowing murder reversed the felony murder. The Supreme Court said about the evidence that it was convincing and not closely balanced. Sent back down to this court, he was resentenced. He appealed again. This is his second direct appeal. He appeals his sentence. This court affirms his sentence. Then the defendant files a post-conviction petition, his first post-conviction petition that's denied and affirmed by this court. Now at this stage, he wants to file a successive post-conviction petition. The Post-Conviction Hearing Act contemplates filing only one post-conviction petition. That's why he needs leave of court. I believe the case law is clear on my side. I cite not only this case, but three other cases. People v. Smith, that was 1st District, 6th Division. People v. Collier, 1st District, 5th Division. And People v. Crenshaw, 4th District case, who relied on this case in Welch. Crenshaw was decided on September 9, 2015. And the PLA was denied on November 25, 2015. And that's the latest case we have on this issue. I did an extensive search yesterday. I found no other cases on the issue. So I have four cases in my favor. The state may have input at a motion to file a successive post-conviction petition, including this court. Defense counsel cites no cases that are on point. She alludes to the Post-Conviction Hearing Act. Other sections. Section F is a small section that covers... Does it make a difference, Mr. Leonard, that the defendant, neither defendant or an attorney on his behalf is present? No. The defendant's not entitled to counsel until the second stage of the Post-Conviction Hearing Act. This court did not reach that issue. That's the only difference between the cases that I cite and what Ms. Weck argues, that he did not have counsel, but he's not entitled to counsel at this stage. He's received numerous due process protections. Section F is quiet on whether the state may input or whether the defendant may have post-conviction counsel. The defendant's not even entitled to post-conviction counsel at the first stage of the hearing, even though the people don't have an opportunity for input. Why should the defendant be entitled to counsel on a motion to file a successive post-conviction petition? Mr. Leonard, I'm going to follow up on Justice Litton's question because it highlights a concern of mine, and that is I wonder if there was a little bit of an ex parte communication before it became the prosecutor in court. And I think that is Justice Litton's concern. In this case, the defendant didn't walk into the courtroom and say, hey judge, I want to file a successive post-conviction petition. The process is formal. It requires a motion for leave to file a successive post-conviction petition. And as far as I could tell from the record, but you please correct me, it wasn't even set for here on the day the prosecutor says to the judge five days after the motion for leave to file the successive petition was filed, the prosecutor says to the judge, judge, I'd like to file an objection. That's ex parte. The way to request permission to file an objection is a motion for leave to file a written objection. So if we ignore that little ex parte communication there, the judge says go ahead, I give you 45 more days. Did the judge give the defendant notice that the state's oral motion for leave to file a written objection was granted, and did the defendant receive notice once the objection was filed that it would be set for hearing? Did that happen? I'm not sure, but I don't believe that the defendant was given notice. There's nothing in the record. So here's the problem in my mind that I want you to address, and that is although there may not be a formal procedure to allow the state to file a written objection, once the judge decides to allow the state to file a written objection, shouldn't the court also then give the defendant who is pro se in this case an opportunity to file a reply to that written objection and set the matter for hearing? Because I'm not even sure this defendant knew the judge would be making a decision on the day that the decision was made. Can you speak to that? Yes, I understand that. And if this was the first post-conviction petition, I would utterly agree with you. But this is a second successive post-conviction petition. A due process does not attach to? I would say due process does not attach to it. What about the ex parte nature of both the request for a written objection and a ruling on the motion or leave to file the successive post-conviction petition? Yes. Was that ex parte? I would say it was technically ex parte, but here's the situation. The defendant filed his successive post-conviction petition. That's his participation. Now it's before the trial judge. This court has stated that the state may have input. This ex parte communication, the defendant has no right to file a successive post-conviction petition until the trial judge rules on that, and this court has agreed about state input is available. Now, if you were to extend that logic, then the defendant would be entitled to not only notice but also to an attorney at this stage of the post-conviction hearing process when the defendant would not even be entitled to a hearing or notice at the first stage. Couldn't the judge have been better off saying when the prosecutor walks up to the bench and informally says, you know, I'd like some time? Shouldn't the judge have said, put it in writing? He could have done better, yes. But does that change the outcome of this decision by the trial judge? Well, you know, it's a pretty serious conviction. The facts, as you've alluded to, are, you know, it was a serious case, and so when in doubt, I think procedural due process is probably the best way to go to avoid getting it back. Well, he has had many due process protections. I understand your argument. I'm not sure I agree, but I do understand your argument. Okay, and he's not entitled to notice or due process at this stage. There needs to be some finality to post-conviction petitions and criminal sentences. The defendants have nothing better to do in prison than file successive post-conviction petitions or anything else. They've got lots of time on their hands. And my argument is there needs to be some finality, and the trial judge may have not been perfect, but it was final. The respondent was not entitled to due process. Well, what if the prosecutor hadn't approached the judge in the courtroom, and I presume she did, or he did? What if they passed in the hallway, in chambers, and he or she said, I have an objection. I'd like some more time. I'm not sure what that would entail, but it did happen in the courtroom, and my position is these defendants have been given due process, and at this stage the defendant is not entitled to any more input except for what he put in writing in his motion and in his successive petition. I ask that this court follow Welch and the other cases. Crenshaw said it best, I guess. There's nothing in the act, and the Supreme Court has not decided the issue. And until the legislature or the Supreme Court acts, they weren't going to follow this court's decision and say that the state has the right to have input at this stage of the post-eviction hearing. The second issue, whether the defendant presented a claim of tolerable actual innocence. Well, the defendant has not made that claim. I said another case directly on point, the People v. Edwards case. In that case, the defendant filed a motion for a successive post-conviction petition. He also alleged that he had this affidavit from his codefendant stating that Edwards did not participate in the crime. He knew nothing about the crime. It was also a murder case. The Supreme Court held that that was not sufficient to make a claim of actual innocence. I believe it's directly on point. It's a Supreme Court case binding on this court. And I ask that you follow Edwards. I believe the issues are fully briefed, and I believe that all the case law is on the side of affirming the trial judge's order denying the defendant's motion to file this successive post-conviction petition. If you have any more questions, I'd be happy to ask them if I can. If not, I ask you just to affirm the dismissal, denial of this motion. Thank you, Mr. Leonard. And Ms. Weirich? Yes, if it pleases the Court, just a couple points. One, yes, the defendant is not entitled to counsel at the leave to file stage, as Mr. Leonard pointed out, but neither should the state be allowed to be represented by the state's attorney's office at this point of proceedings either, because this is a very one-sided, as Justice Wright pointed out, ex parte proceeding. The Court should have the gatekeeper function to grant leave to file based on the petitioner's documentation alone, similar to the first stage of a proceeding. It's an independent evaluation. The second point is that the Supreme Court affirmed Mr. Shaw's convictions for intentional and knowing murder, but of course, with this culpable claim of actual innocence, this is something that Mr. Shaw could not have brought sooner until Elton Williams was willing to present the affidavit. I explained in the reply brief why this is not like Edwards, in which the defendant actually had made a confession. This is based, we know that Mr. Shaw was found accountable and he was present at the scene, but the point is, here we have Elton Williams saying it was his gun, it was his decision, Mr. Shaw had surrendered to the police at that point. Mr. Shaw is doing the best he can to present a claim of actual innocence, because we know he was present when the police officer was shot. This is not a case of him getting successive bites of an apple with petitions after petition, as so many inmates may do, because this is an actual innocence claim. This is a claim that he could not have brought sooner. He could not have brought it in his first post-conviction petition back, which was I think filed originally in 2000 or 2002, some early time period, until Elton Williams was ready to do this. So this is not like a typical cause and prejudice situation, this is an actual innocence claim. So here he has presented and pled the culpable claim of actual innocence, so we're asking this court to remand it for proceedings where it goes to the second stage for the appointment of counsel, and then his interest can be represented to proceed with the claim. Thank you very much. Thank you, and thank you both for your argument today. We will take this matter under advisement and get back to you with a written decision for the next short day. Now, we'll take a short recess for panel discussion. All rise. This court stands recessed.